IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Diane DiLorenzo, as Personal Representative of the Estate of James Belli, | ) ) ) |
| Plaintiff, | ) ) Case No. 2:10-cv-02356-RMG ) |
| v. | ) ORDER ) |
| South Carolina Department of Corrections; Stanley B. Burtt, Jr., individually and as Warden of Lieber Correctional Facility; Johnny Buncumb; and Gary Manigault, | ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the Court upon a Motion to Dismiss filed by Defendant Stanley B. Burtt, Jr., individually and as Warden of Lieber Correctional Facility ("Burtt"). (See Doc. No. [15].) For the reasons set forth herein, Defendant Burtt's motion is granted in part and denied in part.

## BACKGROUND

On or about March 23, 2010, Plaintiff Diane DiLorenzo, as Personal Representative of the Estate of James Belli ("Plaintiff") filed a Second Amended Summons and Complaint in the Court of Common Pleas of Dorchester County, Case Number 2007-CP-18-2406, against Defendants South Carolina Department of Corrections ("SCDC" or "Department"); Stanley B. Burtt, Jr., individually and as Warden of Lieber Correctional Facility ("Burtt" or "Warden Burtt"); Johnny Buncumb ("Buncumb"); and Gary Manigault ("Manigault"). According to Manigault's Notice of Removal, this amended pleading added Defendants Buncumb and

Page 1 of 7

Manigault. (See Notice of Removal at 1.) Defendant Manigault filed his Notice of Removal on September 9, 2010, asserting his removal was timely as Plaintiff attempted service on him on September 7, 2010. (Id. at 1-2.)

In her Second Amended Complaint (hereinafter referred to simply as "Complaint"), Plaintiff alleges that Defendant Burtt "was an agent and employee of the Department at the time of the incident giving rise to the action herein." (Compl. ¶ 3.) According to Plaintiff, James Belli ("Belli" or the "Decedent") "was an inmate at Lieber when he was stabbed by an inmate or inmates, resulting in his death several hours after the stabbing." (Id. ¶ 8.) Plaintiff alleges that "prior to his death, Belli had been improperly assigned to the A-Wing of the Ashley Unit at Lieber, which houses violent offenders," and that during his incarceration, he "became the victim of an extortion plan which was run by other inmates with the tacit approval of one or more prison guards." (Id. ¶¶ 9-10.) According to Plaintiff, Belli "reported to prison staff that he was being extorted and threatened by other inmates," and "prison staff reported to Warden Burtt the poor conditions and lack of staffing resulting in safety concerns, but no action was taken." (Id. ¶ 11-12.)

Plaintiff alleges that Belli sought transfer out of the Ashley Unit after he reported misconduct by other inmates "because it jeopardized his personal safety and created a substantial risk of harm." (Id. ¶ 13.) According to Plaintiff, Belli identified Tony Rush, another inmate, as the person who had made threats of harm against him, but even after "being placed on notice of the threats to Belli's life, the Department assigned both James Belli and Tony Rush to reside in jail cells in close proximity to one another." (Id. ¶¶ 15-16.) Plaintiff alleges that on the night before Belli's murder, "Belli was violently assaulted while in his jail cell," but he "was not

provided any medical attention and no other actions undertaken by the Department or its agents/employees to ensure Belli's safety." (Id. ¶ 17.) After alleging that "[a]t all times relevant hereto, Defendants' agents, servants, and/or employees were acting within the course and scope of their official duties," Plaintiff asserts the Defendants were "negligent, grossly negligent, reckless, wilful and wanton" by, *inter alia*,

> (a) "failing to properly supervise Belli so as to prevent the assault from occurring;"
>
> (b) "failing to properly supervise the inmate(s) who assaulted Belli so as to prevent the assault from occurring;"
>
> . . .
>
> (f) "failing to take appropriate action to prevent assaults from occurring, specifically, the assault of James Belli after being placed on notice of threats and insufficient staffing in the unit where Belli was housed;" [and]
>
> . . .
>
> (h) "failing to isolate Belli from other inmates after receiving notice and/or actual knowledge of Belli's complaints to correctional officers of misconduct by other inmates[.]"

(Id. ¶ 20.) Plaintiff also alleges as follows:

> 39. Upon information and belief, Defendants had been warned on numerous occasions of defects in the supervision and oversight of Lieber, and had received express notice and had actual knowledge of problems with its guard supervision, cell-monitoring, and inmate placement procedures which needed to be corrected and which went uncorrected before the subject attack.
>
> 40. Defendants failed to undertake measures designed to correct the unsafe and inadequate conditions present at Lieber, failed to allow sufficient funds to accomplish appropriate and necessary corrective measures and to employ sufficient personnel to adequately provide for the safety and supervision of the inmates, and failed to sufficiently train personnel, and failed to establish, follow or enforce regulations and procedures in order to prevent the reasonably foreseeable attack upon Belli.

(Id. ¶¶ 39-40.) Plaintiff's Complaint lists the following causes of action: survival; wrongful death; negligence; negligent hiring and supervision; violation of 42 U.S.C. § 1983 (Eighth Amendment); violation of 42 U.S.C. § 1983 (Fifth Amendment and Fourteenth Amendment); and intentional infliction of emotional distress.

Warden Burtt filed a Motion to Dismiss on September 24, 2010. (See Doc. No. [15].) Plaintiff filed no Response.

**STANDARD OF REVIEW**

On a 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . . unwarranted inferences, unreasonable conclusions or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009) (citing Edwards, 178 F.3d 231; Giarratano, 521 F.3d 298).

## DISCUSSION

In his Motion to Dismiss, Warden Burtt asserts he is entitled to dismissal of all of Plaintiff's State tort claims "on the grounds that the South Carolina Tort Claims Act is the exclusive remedy for any tort committed by a government employee while acting within the scope of his official duties." (Mot. to Dismiss at 1.) Burtt states, "The South Carolina Department of Corrections, a named Defendant who has made an appearance in this action, as the employing governmental entity, is the appropriate defendant and the individually named employee Warden Burtt is entitled to dismissal of these tort claims set forth as Plaintiff's first, second, third, fourth and seventh causes of action under S.C. Code Ann. § 15-78-70." (Id. at 1-2.)

Warden Burtt thus seeks dismissal of the following claims: survival; wrongful death; negligence; negligent hiring and supervision; and outrage. (See generally Mot. to Dismiss.)[1] Burtt contends that "all state law allegations as to . . . [him] are for acts that occurred within the course and scope of his employment and duties as a South Carolina Department of Corrections Warden assigned to Lieber Correctional Institution acting in the course and scope of his employment." (Mem. in Supp. at 1-2.) Burtt contends all of the state law claims against him must be dismissed "on the grounds that the governmental entity of the South Carolina Department of Corrections is the appropriate Defendant on all tort claims by virtue of the South Carolina Tort Claims Act." (Id. at 2.)

As Warden Burtt asserts, the South Carolina Tort Claims Act (the "Act") provides some protections to employees of the State of South Carolina. The Act states, in relevant part,

---

[1] Defendant Burtt's Motion to Dismiss does not address Plaintiff's Federal claims (Fifth and Sixth Causes of Action).

> (a) This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity. An employee of a governmental entity who commits a tort while acting within the scope of his official duty *is not liable therefor except as expressly provided for* in subsection (b).
>
> (b) Nothing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or *that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.*

S.C. CODE ANN. § 15-78-70 (emphasis added); see also Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs., 597 F.3d 163, 178 (4th Cir. 2010) (noting that the South Carolina Tort Claims Act "constitutes the exclusive remedy for torts allegedly committed by employees of state agencies"). Pursuant to the Act, Warden Burtt is entitled to dismissal of Plaintiff's claims for survival, wrongful death, negligence, and negligent hiring and supervision. A fair reading of the allegations pertinent to those causes of action reveals that Plaintiff contends Warden Burtt was negligent in failing to protect Belli from the assault of other inmates. (See Compl. ¶¶ 1-81.) Because Warden Burtt is alleged to have been acting–at all times relevant–as an employee of SCDC and within the scope of his employment (Compl. ¶¶ 3, 19), the survival, wrongful death, negligence, and negligent hiring claims fail. See S.C. CODE ANN. § 15-78-70; see also Flateau v. Harrelson, 355 S.C. 197, 207, 584 S.E.2d 413, 418 (Ct. App. 2003) ("'When a plaintiff claims an employee of a state agency acted negligently in the performance of his job, the South Carolina Tort Claims Act requires a plaintiff to sue the agency for which the employee works, rather than suing the employee directly.'" (quoting Faile v. S.C. Dep't of Juvenile Justice, 350 S.C. 315, 321 n.1, 566 S.E.2d 536, 539 n.1 (2002))). However, the claim for intentional infliction of emotional distress is not subject to dismissal pursuant to Rule 12(b)(6) because within that claim, Plaintiff

has alleged that "Defendants intentionally or recklessly inflicted severe emotional distress on Belli when they threatened him with physical harm, as well as when they conspired with inmates to murder him." (Compl. ¶ 83.) Because Plaintiff alleges the intent to harm within her claim for intentional infliction of emotional distress, this claim is not dismissed. See Smith v. Ozmint, 394 F.Supp.2d 787, 792 (D.S.C. 2005) (Duffy, J.) ("Plaintiff's intentional infliction of emotional distress claim . . . does allege and require a showing of actual malice and intent to harm. As such, the court does have pendent jurisdiction to hear Plaintiff's intentional infliction of emotional distress claim as against Defendants in their individual capacities.").

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Defendant Burtt's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Defendant Burtt's motion is **DENIED** to the extent he seeks dismissal of the claim for intentional infliction of emotional distress (Seventh Cause of Action). Defendant Burtt's motion is **GRANTED** on the claims for survival, wrongful death, negligence, and negligent hiring (First, Second, Third and Fourth Causes of Action). Plaintiff's Federal claims (Fifth and Six Causes of Action) are unaffected by this Order.

**AND IT IS SO ORDERED.**

_____
The Honorable Richard Mark Gergel
United States District Judge

**Charleston, South Carolina**
**December 22, 2010**